Joseph D. Saccoman, J.
This is a motion to dismiss the information filed with this court on April 10, 1965 charging the defendant with a violation of section 728 of the Penal Law. The information alleges that the defendant informed the police that he was operating a motor vehicle when it was involved in an accident on Flatbush Avenue in this city on April 3, 1965. At the time defendant made this statement to the police, they were investigating this accident and it is alleged that someone other than the defendant was actually operating the motor vehicle at the time of the accident.
There are no facts set forth in the information which specifically indicate that the defendant gave the alleged false information for the purpose of harassing, annoying or alarming any person. In fact, the only inference that can be drawn from the facts set forth in the information is that the defendant was attempting to protect the actual driver of the automobile from criminal prosecution and nothing more.
It is axiomatic that the information must set forth facts sufficient to constitute the crime or offense charged. Defendant contends that this requirement has not been met by the People in that there is nothing in the information stating or from which it may be inferred that defendant made the false statement with intent to harass, annoy or alarm another.
Section 728 of the Penal Law reads as follows: “ Any person who with intent to harass, annoy or alarm another, gratuitously reports or causes to be reported to the state police, or to a duly organized police force or department in any county, city, town, village, municipality, authority, police district, park or parkway authority false information relating to an incident or crime, knowing that such information is false, or false information relating to an alleged incident or crime, knowing that the same did not occur, shall be guilty of an offense punishable by imprisonment for a term not to exceed sixty days, or by a fine not to exceed fifty dollars or by both such fine and imprisonment.”
The statute therefore clearly requires the condition that in giving his false report the defendant must do so with the express intention of harassing, annoying or alarming another. It seems to have been enacted for the purpose of protecting private citizens from false accusations and the resultant embarrassment, annoyance and aggravation. This court cannot determine that any such intent was harbored by this defendant on the facts set forth in the information. The obvious intent of defend *636 ant was to protect the driver of the car who he felt may have been in violation of the traffic laws.
The prosecution contends that it was within the intendment of the Legislature to include any false statements made to the police which prevent them from making a proper and lawful investigation. Perhaps the Legislature did wish to include circumstances such as those set forth in this information, but if so it would have been a simple matter to exclude those words of limitation so clearly set forth as a condition to the violation, namely that the false statements be made “with intent to harass, annoy or alarm another ”.
It is also a basic proposition of law that criminal statutes must be strictly construed. In Wharton’s Criminal Law and Procedure (vol. 1, § 19, pp. 40-41) it states: “ Criminal statutes must be strictly interpreted, both with respect to the act charged as the offense and the penalty imposed. It is axiomatic that statutes creating and defining crimes cannot be extended by intendment. Before a man can be punished, his case must be plainly and unmistakably within a statute. As liberty and perhaps life are involved, every reasonable doubt must be resolved in favor of the defendant.”
This court certainly does not condone the type of conduct attributed to this defendant and agrees that such behavior is deserving of punishment. However, the court is equally jealous of the safeguards established by law and will not presume to punish a wrongful act except as permitted by law. In Viereck v. United States (318 U. S. 236) the Supreme Court through Chief Justice Stone recites at page 243: “The unambiguous words of a statute which imposes criminal penalties are not to be altered by judicial construction so as to punish one not otherwise within its reach, however deserving of punishment his conduct may seem.”
Also, at page 245, Justice Stone goes on to say: “ men are not subjected to criminal punishment because their conduct offends our patriotic emotions or thwarts a general purpose sought to be effected by specific commands which they have not disobeyed. Nor are they to be held guilty of offenses which the statutes have omitted, though by inadvertence, to define and condemn. For the courts are without authority to repress evil save as the law has proscribed it and then only according to law.” (See, also, Kordel v. United States, 335 U. S. 345.)
Accordingly, defendant’s motion to dismiss the information herein is granted and defendant is discharged.